**WASSERMAN, JURISTA & STOLZ, P.C.**
225 Millburn Avenue, Suite 207
P.O. Box 1029
Millburn, New Jersey  07041
(973) 467-2700
Attorneys for Debtor-In-Possession
**LEONARD C. WALCZYK (LW-4720)**

| | |
|---|---|
| In Re:<br><br>**JAMIE BETH GRIES,**<br><br>Debtor-In-Possession. | **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>Case No.:  10-21185 (RG)<br><br>Chapter 11<br><br>Hon. Rosemary Gambardella<br><br>Confirmation Hearing Date: |

## SECOND AMENDED PLAN OF REORGANIZATION
## PROPOSED BY DEBTOR-IN-POSSESSION

JAMIE BETH GRIES, as Debtor and Debtor in Possession, respectfully submits her

Second Amended Plan of Reorganization pursuant to Chapter 11, Title 11 of the United States

Code, in the form annexed hereto and made a part hereof.

By: _____

**JAMIE BETH GRIES**
Debtor-in-Possession and Plan Proponent

Dated: November  12 , 2010

## TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................................1

II.  CLASSIFICATION AND TREATMENT OF CLAIMS AND INTEREST ...........1
     A.   General Overview...................................................................................1
     B.   Rules of Construction and Definitions ...................................................2
          a.   Rules of Construction ...................................................................2
          b.   Definitions ....................................................................................3
     C.   Unclassified Claims...............................................................................8
          1.   Administrative Expenses and Fees.................................................9
          2.   Priority Non-Tax Claims ..............................................................10
          3.   Priority Tax Claims ......................................................................10
     D.   Classified Claims and Interests............................................................11
          1.   Classes of Secured Claims............................................................11
          2.   Class of Priority Secured Claims ..................................................14
          3.   Class of General Unsecured Claims ..............................................16
          4.   Contingent Unsecured Claims .......................................................16
          5.   Class of Interest Holders...............................................................17
     E.   Acceptance or Rejection of Plan..........................................................17
     F.   Means of Effectuating the Plan............................................................18
          1.   Funding for the Plan .....................................................................18
          2.   Disbursing Agent ..........................................................................18

III. TREATMENT OF MISCELLANEOUS ITEMS .................................................18
     A.   Executory Contracts and Unexpired Leases .........................................18
     B.   Retention of Jurisdiction......................................................................19
     C.   Procedures for Resolving Contested Claims .........................................21
     D.   Notices under the Plan .........................................................................21

IV.  EFFECT OF CONFIRMATION OF PLAN........................................................22
     A.   Discharge .............................................................................................22
     B.   Discharge Injunction............................................................................22
     C.   Revesting of Property in the Debtor and Debtor's Claims.....................23
     D.   Term of Injunctions or Stays ...............................................................23
     E.   Modification of Plan.............................................................................24
     F.   Post-Confirmation Conversion/Dismissal ............................................25
     G.   Post-Confirmation Quarterly Fees .......................................................25
     H.   Fractions of Cents................................................................................25
     I.   Payment of Less Than Ten ($10.00) Dollars ........................................25
     J.   Setoff ...................................................................................................26
     K.   Time of Collection................................................................................26
     L.   Disputed Parties...................................................................................26

| M. | Headings | 27 |
|----|----------|-----|
| N. | Severability | 27 |
| O. | Reservation of Rights | 27 |
| P. | Governing Law | 27 |
| Q. | Blank Ballots | 27 |
| R. | Binding Effect | 27 |
| S. | Releases | 28 |
| T. | Computation of Time Periods | 28 |
| U. | Successors or Assigns | 28 |
| V. | Plan Controls | 29 |
| W. | Debtor's Professionals | 29 |

# I.

## INTRODUCTION

JAMIE BETH GRIES, ("Debtor" or "Proponent") is the Debtor in this Chapter 11 bankruptcy case. On April 14, 2010, the Debtor commenced her bankruptcy case by filing a Voluntary Chapter 11 petition under the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. §101 et seq. This document, the Second Amended Plan of Reorganization, is the Chapter 11 Plan ("Plan") proposed by the Debtor. Sent to you in the same envelope as this document is the Second Amended Disclosure Statement (the "Disclosure Statement") which has been approved by the United States Bankruptcy Court for the District of New Jersey (the "Court"), and which is provided to help you understand the Plan.

This is a reorganization plan. In other words, the Debtor seeks to accomplish payments under the Plan by using her income to make distributions to creditors.

# II.

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

### A.   General Overview

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

This Second Amended Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors from future income of the Debtor. This Plan provides for four (4) classes of secured claims, one (1) class of priority non-tax claims and two (2) classes of general unsecured claims. This Plan also provides for the payment of

administrative claims in full on confirmation of the plan, except for the Allowed Administrative Claims of Professionals, who shall be paid in monthly installments from the Debtor commencing upon Confirmation until such claims are fully paid.   Unsecured creditor claims will not receive any distribution under this Plan unless and until all Allowed Administrative, Secured, and Priority Claims are fully paid before the end of the Plan period.  Finally, the plan provides for payment of priority tax claims in full with statutory interest over sixty (60) months from confirmation of the Plan.

All creditors should refer to Article II of this Plan for information regarding the precise treatment of their claim.   The Disclosure Statement that provides more detailed information regarding this Plan and the rights of creditors has been provided with this Plan.  **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

**B.    Rules of Construction and Definitions**

**a.    Rules of Construction:**

(1)    In the Plan, unless otherwise provided, the capitalized terms shall have the meanings set forth in Section b. of this Article.

(2)    Any capitalized term used in this Plan that is not defined in Section b. of this Article shall have the meaning ascribed to such term in the Bankruptcy Code.

(3)    The rules of construction used in Section 102 of the Bankruptcy Code apply to this Plan.

(4)    For purposes of this Plan, the terms in Section b. of this Article and in the Bankruptcy Code shall apply equally to the singular, plural and possessive forms and masculine, feminine and neuter genders of the defined terms.

2

(5)    All of the terms in Section b of this Article are intended to be, and hereby are, part of the substantive provisions of this Plan and have the same force and effect as any other provision of this Plan.

**b.    Definitions:**

1.    **Administrative Expense** shall mean any cost or expense of administration of the Chapter 11 case allowable under Section 507(a) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the estate of the Debtor, any actual and necessary expenses incurred by the Debtor, any indebtedness or obligation incurred or assumed by the Debtor in connection with the conduct of their financial affairs or for the acquisition or lease of property or the rendition of services to the Debtor, all allowances of compensation and reimbursement of expenses, any fees or charges assessed against the estate of the Debtor under Chapter 123, Title 28, of the United States Code, and the reasonable fees and expenses incurred by the Proponent in connection with the proposal and confirmation of this Plan.

2.    **Allowed** when used as an adjective preceding the words "Claims", shall mean any Claim against the Debtor, proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of claim against such Debtor, or, if no proof of claim is filed, which has been or hereafter is listed by the Debtor as liquidated in an amount and not disputed or contingent and, in either case, a Claim as to which no objection to the allowance thereof has been interposed with the applicable period of limitations fixed by the Plan, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Local Rules, or as to which any objection has been interposed and such Claim has been allowed in whole or in part by a Final Order.  Unless otherwise specified in the Plan, "Allowed Claim" shall not, for purposes

3

of computation of distribution under the Plan, include interest on the amount of such Claim from and after the Petition Date.

3.    **Allowed Administrative Expense** shall mean any Administrative Expense allowed under Section 507(a) of the Bankruptcy Code.

4.    **Allowed Unsecured Claim** shall mean an Unsecured Claim that is or has become an Allowed Claim.

5.    **Ballot:** The form(s) distributed to Creditors with this Plan and the Disclosure Statement to be used by such Creditors to vote to accept or reject this Plan pursuant to Section 1126 of the Bankruptcy Code and Bankruptcy Rule 3018.

6.    **Bankruptcy Code** shall mean the Bankruptcy Reform Act of 1978, as amended, and as codified in Title 11 of the United States Code.

7.    **Bankruptcy Court** shall mean the United States Bankruptcy Court for the District of New Jersey having jurisdiction over this Chapter 11 Case and, to the extent of any reference made pursuant to 28 U.S.C. Section 158, the unit of such District Court constituted pursuant to 28 U.S.C. Section 151.

8.    **Bankruptcy Rules** shall mean the rules and forms of practice and procedure in bankruptcy, promulgated under 28 U.S.C. Section 2075 and also referred to as the Federal Rules of Bankruptcy Procedure.

9.    **Bar Date** shall mean August 10, 2010 as established by the Bankruptcy Court as the last date by which non-government Creditors may file proofs of claims in this Chapter 11 Case.

10.    **Business Day** means and refers to any day except Saturday, Sunday, and any other day on which commercial banks in New Jersey are authorized by law to close.

11.    **Chapter 11 Case** shall mean this case under Chapter 11 of the Bankruptcy Code in which Jamie Beth Gries is the Debtor.

12.    **Claim** shall mean any right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. All claims as such term is defined in Section 101(5) of the Bankruptcy Code.

13.    **Class** shall mean a grouping substantially similar Claims for common treatment thereof pursuant to the terms of this Plan.

14.    **Code** shall refer to Title 11 of the United States Code, otherwise known as the Bankruptcy Code.

15.    **Confirmation** shall mean the entry of an Order by this Court approving the Plan in accordance with the provisions of the Bankruptcy Code.

16.    **Confirmation Hearing** shall mean a hearing conducted before the Bankruptcy Court for the purpose of considering confirmation of the Plan.

17.    **Confirmation Order** shall mean an Order of the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

18.    **Creditor** shall mean any person that has a Claim against the Debtor that arose on or before the Petition Date or a Claim against the Debtor's estate of any kind specified in Section 502(g), 502(h) or 502(i) of the Bankruptcy Code.    This includes all persons, corporations, partnerships, or business entities holding claims against the Debtor.

5

19.    **Debt** means, refers to and shall have the same meaning ascribed to it in Section 101(12) of the Code.

20.    **Debtor** shall mean Jamie Beth Gries.

21.    **Disbursing Agent** shall mean the Debtor, Debtor's counsel, or any party appointed by and subject to Court approval, which shall effectuate this Plan and hold and distribute consideration to be distributed to holders of Allowed Claims pursuant to the provisions of the Plan and Confirmation Order.

22.    **Disclosure Statement** means and refers to this Second Amended Disclosure Statement filed by the Debtor on or about June 16, 2010 as required, amended and approved by the Court pursuant to Section 1125 et seq. of the Bankruptcy Code.

23.    **Distribution Date** shall mean the date or dates as set forth throughout this Plan that the Disbursing Agent shall make distribution of claimants' entitlement to funds under the Plan.

24.    **Effective Date** shall mean the day after the Confirmation Order becomes a Final Order.

25.    **Final Order** shall mean an order of the Bankruptcy Court or a court of competent jurisdiction to hear appeals from the Bankruptcy Court which, not having been reversed, modified, or amended, and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become final and is in full force and effect.

26.    **Impaired** when used as an adjective preceding the words "Class of Claims," shall mean that the Plan alters the legal, equitable, or contractual rights of the members of that class.

27.    **Person** shall mean an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, or a government or any political subdivision thereof or other entity.

28.    **Petition Date** shall mean April 14, 2010, the date on which the Debtor filed her petition for relief commencing this Chapter 11 Case.

29.    **Plan** shall mean this Second Amended Plan of Reorganization filed in these Proceedings, together with any additional modification and amendments.

30.    **Plan Period** shall mean the 60 months following the effective date of the Plan.

31.    **Priority Non-Tax Claim** shall mean a Claim entitled to priority under Sections 507(a)(1), (3), (4), (5), (6) or (7) of the Bankruptcy Code, but only to the extent it is entitled to priority in payment under any such subsection.

32.    **Priority Tax Creditor** shall mean a Creditor holding a Priority Tax Claim.

33.    **Priority Tax Claim** shall mean any Claim entitled to priority in payment under Section 507(a)(8) of the Bankruptcy Code, but only to the extent it is entitled to priority under such subsection.

34.    **Proceedings** shall mean this Chapter 11 Case of the Debtor.

35.    **Professional Persons** means and refers to all attorneys, accountants, appraisers, consultants, and other professional retained or to be compensated pursuant to an Order of the Court entered under Section 327, 328, 330, or 503(b) of the Bankruptcy Code.

36.    **Professional Claim** means and refers to a claim by any and all professionals as provided for in Sections 327, 328, 330 and 503(b) of the Bankruptcy Code.

37.    **Proponent** means the Debtor Jamie Beth Gries.

38.    **Reorganized Debtor** means the Debtor after confirmation of the Plan.

39.    **Secured Claim** means and refers to a Claim which is secured by a valid lien, security interest, or other interest in property in which the Debtor have an interest which has been perfected properly as required by applicable law, but only to the extent of the value of the Debtor's interest in such property, determined in accordance with Section 506(a) of the Bankruptcy Code.

40.    **Unsecured Claim** shall mean any Claim against the Debtor which arose or which is deemed by the Bankruptcy Code to have arisen prior to the Petition Date for such Debtor, and which is not (i) a secured claim pursuant to Section 506 of the Bankruptcy Code, as modified by Section 1111(b) of the Bankruptcy Code, or (ii) a Claim entitled to priority under Section 503 or 507 of the Bankruptcy Code. "Unsecured Claim" shall include all Claims against the Debtor that are not expressly otherwise dealt with in the Plan.

41.    **Other Definitions.** A term used and not defined herein but that is defined in the Bankruptcy Code shall have the meaning set forth therein. The words "herein", "hereof", "hereto", "hereunder", and others of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan. Moreover, some terms defined herein are defined in the section in which they are used.

## C.    Unclassified Claims

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has <u>not</u> placed the following claims in a class. The treatment of these claims is provided below.

8

1.    **Administrative Expenses and Fees**

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code Section 503(b). Fees payable to the Clerk of the Bankruptcy Court and the Office of the United States Trustee were also incurred during the Chapter 11 Case. The Code requires that all administrative expenses be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

Each holder of an Allowed Administrative Expense Claim shall be paid by the Disbursing Agent (a) the full amount of such Allowed Administrative Expenses Claim in cash, without interest, on the later of (i) the Effective Date or as soon thereafter as is practicable; or (ii) the date on which such Allowed Administrative Expense Claim becomes due and payable pursuant to the terms thereof, the agreement upon which such Allowed Administrative Expense Claim is based, or within thirty (30) days of any applicable Final Order of the Bankruptcy Court allowing the Administrative Expense Claim or (b) in such amount on such other date and upon such other terms as may be contained in a Final Order or as agreed upon between the holder of such Allowed Administrative Expense Claim and the Disbursing Agent. All Administrative Claims of Professionals (such as counsel to the Debtor, accountants to the Debtor, and experts retained by the Debtor) shall receive payment on the balances of their allowed claims from the Debtor's net monthly post-confirmation cash flow, commencing the effective date of plan until such time as all such claims are paid in full.

All requests for payment of Administrative Expense Claims, including applications for compensation for professionals under Section 330 of the Bankruptcy Code, shall be filed with the Bankruptcy Court and served on the Debtor's counsel no later than thirty (30) days from the Confirmation Date. Any Administrative Expense Claim for which an application or request for

payment is not filed and served within the time period set forth in the preceding sentence, shall

be deemed to have been discharged on the Confirmation Date and forever barred.

**Court Approval of Professional Compensation and Expenses Required:**

The Court must approve all professional compensation and expenses.  Each professional

person requesting compensation in the case pursuant to Sections 327, 328, 330, 331, 503(b) or

1103 of the Bankruptcy code shall file an application for allowance of final compensation and

reimbursement of expenses not later than thirty (30) days after the Confirmation Date.  Nothing

herein shall prohibit each professional person from requesting interim compensation during the

course of this case pending Confirmation of this Plan.  No motion or application is required to fix

fees payable to the Clerk's Office or the Office of the United States Trustee, as those fees are

determined by statute.

2.      **Priority Non-Tax Claims**

Certain priority non-tax claims that are referred to in Code Sections 507(a)(1), (3), (4),

(5), (6), and (7) are entitled to priority treatment.  There is only one such Priority Non-Tax Claim

in this case, the domestic support obligation claim of Steven Gries, which is classified separately

and treated below.

3.      **Priority Tax Claims**

Priority tax claims are certain unsecured income, employment and other taxes described

by Code Section 507(a)(8).  The Code requires that each holder of such a Section 507(a)(8)

priority tax claim receive the present value of such claim in deferred cash payments, over a

period not exceeding five years from the date of the filing of the bankruptcy petition.  Priority tax

claims in this case shall be treated as follows:

| Description | Amount Owed | Treatment |
|---|---|---|
| State of NJ Div. of Taxation Type of tax – TGI | $3,925 | Pymt interval = 52 monthly payments<br>Pymt amt/interval = $87.00 /monthly<br>Begin date = effective date of the plan.<br>Interest Rate 6.25% = statutory<br>Total Payout Amt = $4,524.00. |

| Description | Amount Owed | Treatment |
|---|---|---|
| Commonwealth of Massachusetts, Department of Revenue | $10,790 | Pymt interval = 60 monthly payments<br>Pymt amt/interval = $185 /monthly<br>Begin date = effective date of the plan.<br>Interest Rate % = statutory<br>Total Payout Amt = $10,790. |

D.    **Classified Claims and Interests**

The treatment of and consideration to be received by holders of Allowed Claims and

Interests pursuant to this Article shall be in full settlement, release and discharge of their Claims.

1.    **Classes of Secured Claims**

Secured claims are claims secured by liens on property of the estate.   The following

represent all classes containing Debtor's secured pre-petition claims and their treatment under

this Plan:

Class 1 -        Secured Claim of Astoria Federal Savings;

Class 2 -        Secured Claim of Sovereign Bank;

Class 3 -        Secured Claim of Hudson City Savings Bank;

Class 4 -        Secured Claims of BMW Financial and VW Credit;

11

Class 5-        Secured Claim of New Jersey.

This Section lists the four (4) classes of creditors containing the holders of the Debtor's

secured pre-petition claims and describes their treatment under this Plan.

The separate treatment of the Classes of Secured Creditors are set forth below:

| CLASS# 1 | DESCRIPTION | INSIDER (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| Secured Claim of **Astoria Federal Savings** | Astoria Federal Savings filed a Proof of Claim in the amount of approximately $708,849 (as per Proof of Claim No. 6-1 dated May 10, 2010). This claim is secured by a first mortgage position on real property located at 5 Parsons Lane, Nantucket, Massachusetts. | No | No (deemed to have accepted the Plan). | The creditor in this class shall retain its lien on the collateral equal to its total claim pending completion of the payments due under the mortgage loan documents. The Debtor shall continue making the payments called for under the first mortgage loan documents pursuant to the terms set forth in said documents. |
| CLASS# 2 | DESCRIPTION | INSIDER (Y/N) | IMPAIRED (Y/N) | TREATMENT |
| Secured Claim of **Sovereign Bank** | Sovereign Bank filed a proof of claim number 17-1 on July 27, 2010 in the amount of $599,862.19 plus per diem interest of $100.67 per day secured by a second mortgage on 5 Parsons Road, Nantucket, Massachusetts.<br><br>By consent, this claimholder shall have an allowed secured claim in the amount of $635,000 secured by the collateral described above. | No | Yes (Impaired Entitled to vote on Plan) | The creditor in this class shall retain its lien on the collateral pending completion of the Plan payments to this creditor of the value of its secured claim as of the confirmation hearing date within an 18 month period of the effective date. Upon completion of said payments the mortgage will be cancelled. Payments of principal and interest at 7.25% during the first seven-teen months of the Plan will be $4,332 per month (based upon a 30 year amortization). A final balloon payment of $626,159 shall be made |

| | | | | 18 months from the effective date. Payments shall be made on the first of each month starting with the first month following the effective date. If any payment is more than five (5) days late, this claim- holder shall have the immediate right to declare a default. Any defaults or any payments due this claim-holder shall enable this claimholder to immediately apply to the Bankruptcy Court for an Order granting automatic stay relief to proceed to foreclosure on the collateral, which relief the Debtor shall not oppose unless any such default is otherwise cured. Nothing herein shall bar this claim-holder (Sovereign or its assignees) from accepting a lesser compromised amount in satisfaction of its claim or extending the duration of payment or waiving any default. |
| **CLASS # 3** | DESCRIPTION | INSIDER (Y/N) | IMPAIRED (Y/N) | TREATMENT |
| Secured Claim of **Hudson City Savings Bank.** | The Debtor is indebted to Hudson City Savings Bank in the amount of $459,316 per Proof of Claim No. 3-1 dated May 5, 2010. This claim is secured by a first mortgage lien on residential real property located at 46 Kiel Avenue, Kinnelon, New Jersey. | No | No (Deemed to have accepted the Plan. | The creditor in this class shall retain its lien on the collateral equal to its total claim pending payment due under the mortgage loan documents. Upon the effective date, Debtor shall list this property for sale with a realtor for a six month period. Any sale proceeds shall be used toward satisfaction of Class 3 claims. If a |

13

| | | | | contract for sale is not procured within such period, the property securing this claim shall be surrendered to this claimholder in full satisfaction of its secured claim. |
|---|---|---|---|---|
| CLASS # 4 | DESCRIPTION | INSIDER (Y/N) | IMPAIRED (Y/N) | TREATMENT |
| Secured Claims of **BMW Financial, and VW Credit.** | The Debtor is a party to automobile loans with these creditors. The balance due BMW Financial is approximately $8,300; the balance due VW Credit is approximately $4,643. The collateral for the obligation owed to BMW Financial is a 2003 BMWX5 with approximately 103,000 miles; collateral securing the obligation of VW Credit is a 2006 VW Beetle with approximately 17,000 miles. | No | No (Deemed to have accepted the Plan). | The creditors in this class shall retain their liens on the collateral pending completion of payments pursuant to the loan documents. The Debtor shall continue making the payments called for to these creditors under the loan documents pursuant to the terms set forth in said documents. |

| CLASS # 5 | DESCRIPTION | AMOUNT OWED | TREATMENT |
|---|---|---|---|
| Secured Claim of **The State of New Jersey Div. of Taxation** | State of New Jersey, Division of Taxation Type of tax - TGI | $60,328 | Pymt interval = 52 monthly payments Pymt amt/interval = $1,328 /monthly Begin date = effective date of the plan. Interest Rate 6.25% = statutory Total Payout Amt = $69,056. |

## 2.    Class of Priority Unsecured Claims

Certain priority claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a claim receive cash on the effective date of the Plan equal to the allowed amount of such claim. However, a class of holders of such claims may vote to accept different treatment.

There is only one such priority claim of this type in this case.  The Debtor's ex-spouse,

Steven Gries, holds a claim for approximately $658,966.23 for unpaid domestic support

obligations stemming from a divorce proceedings completed in 2006.  This is a priority claim

pursuant to 11 U.S.C. Section 507(a)(1).  Treatment of such claim is as follows:

| CLASS #6 | DESCRIPTION | INSIDER (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| Priority Domestic Support Obligation Claim of **Steven Gries.** | Steven Gries filed a proof of claim no. 15 in the amount of $658,966.23 | No | Impaired – Entitled to vote on Plan. | This claimholder will receive reduced child support payments of $1,667 per month for 60 months.  Otherwise, this claimholder will receive no distribution under this Plan or from the Debtor until such time as all Plan payments to all other creditors are complete.  This claimholder will be granted a third mortgage on 5 Parsons Road, Nantucket, Massachusetts to secure this obligation.  Upon completion of the payments called for under the Plan, monthly payments will resume to this claimholder.  However, in the event of a liquidation under Chapter 7 of the Bankruptcy Code, this claimholder shall be paid in full pursuant to the provisions of 11 U.S.C. Section 507(a)(1). |

### 3.    Class of General Unsecured Claims

General unsecured claims are uncollateralized claims not entitled to priority under Code Section 507(a).  The following chart identifies this Plan's treatment of the class containing <u>all</u> of the Debtor's general unsecured claims.

| CLASS #7 | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|----------|-------------|----------------|-----------|
| Claims of **General Unsecured Claims**. | Estimated Total amt of general unsecured claims=$1,625,000. | Impaired – Entitled to Vote on Plan | Holders of Allowed General Unsecured Claims shall receive no distribution under this Plan, as all of the Debtor's net disposable income after living expenses is used toward payment of claims of Classes 1 through 6.  Any funds remaining after satisfaction of Class 2 secured claims in month 18 will be needed to pay any substitute lender on refinancing necessary to make the month 18 payment to Class Two.  After 60 months from the effective date, the Debtor shall receive a discharge of all Class 7 claims. |

Distribution to Class 6 unsecured creditors will be adjusted commensurate to the amount needed to be provided for distribution to creditors in Classes 1 through 5, administrative and priority claims.

### 4.    Contingent Unsecured Claims

JP Morgan Chase filed a Proof of Claim based upon the Debtor's personal guaranty of corporate obligations.  This creditor shall receive no distribution from this estate or this Plan, and will receive payment on its claims directly from the principal obligor on this claim.

16

| CLASS #8 | DESCRIPTION | INSIDER (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| Contingent Claim of **JP Morgan Chase Bank, NA** | This creditor filed a Proof of Claim dated 6/1/2010 in the amount of $89,310.56 for a corporate obligation that is personally guaranteed by the Debtor. | No | Not impaired | This claimholder shall continue to receive payments from the primary obligor on this claim and shall receive no distribution from this bankruptcy estate unless and until payments from the principal obligor cease and collection activity against the principal is unsuccessful, in which case any unpaid amount shall be treated as a Class 7 claim. |

### 5.    Class of Interest Holders

Interest holder is the Debtor, the party who holds ownership interests in property of this bankruptcy estate.  The following chart identifies the Plan's treatment of this class:

| CLASS #9 | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| Interests of Jamie Beth Gries, Debtor. | All property of this bankruptcy estate and exempt property. | Not Impaired | The Debtor shall retain all her property and income subject only to the liens and plan treatment set forth above. |

### E.    Acceptance or Rejection of Plan

Each impaired class of Creditors with claims against the Debtor's estate shall be entitled to vote separately to accept or reject the Plan.  A class of Creditors shall have accepted the Plan if the Plan is accepted by at least two-thirds in the aggregate dollar amount and more than one-half in number of holders of the allowed Claims of such class that have accepted or rejected the Plan. In the event that any impaired class of Creditors or Interest holders shall fail to accept the Plan in

request that the Bankruptcy Court confirm the Plan in accordance with Section 1129(b) of the Bankruptcy Code.

F.    **Means of Effectuating the Plan**

    1.    **Funding for the Plan**

The Plan will be funded by the following: Tax refunds due and owing to the Debtor; Debtor's income received from earnings and wages from employment going forward; rentals received from real property; sale proceeds from sales of real property; liquidation of small amounts of jewelry and furniture inventory.

    2.    **Disbursing Agent**

Wasserman, Jurista & Stolz, P.C., counsel for the Debtor, shall act as the initial disbursing agent for the purpose of making initial distributions to administrative, priority and general unsecured creditors provided for under the Plan. The Debtor or Debtor's counsel shall act as disbursing agent for all subsequent distributions for the duration of the Plan. The Disbursing Agent shall serve without bond and shall receive compensation for distribution services rendered and expenses incurred pursuant to the Plan.

## III.

## TREATMENT OF MISCELLANEOUS ITEMS

A.    **Executory Contracts and Unexpired Leases**

The Plan provides that all Executory Contracts and Unexpired Leases, except for those specifically rejected by the Debtor in writing or by Court Order, shall be deemed assumed. Assumption means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Code, if any. Such section also lists how the Debtor will cure and compensate the other party to

18

such contract or lease for any such defaults. The Debtor asserts that they are not in default under any such leases, but if you object to the assumption of your unexpired lease or executory contract, the proposed cure of any defaults, or the adequacy of assurance of performance, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan, unless the Court has set an earlier time. The Plan assumes all leases and unexpired leases and executory contracts to which the Debtor is a party. In particular the Debtor assumes the following lease:

Tenant:                  Phil Perotta

Premises:                46 Kiel Road, Kinnelon, New Jersey 07405

Termination date:        May 31, 2011

Monthly rental:          $2,900 plus utilities and maintenance.

Additionally, the Debtor assumes all weekly rental agreements for the 5 Parson Road, Nantucket, Massachusetts' property, which are entered into in the ordinary course.

Finally, in month 7 of the Plan, the Debtor will enter into a lease of residential real property in Kinnelon, New Jersey, which will decrease her living expenses in order to further facilitate the Debtor's reorganization efforts.

**THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS THIRTY (30) DAYS FROM THE ENTRY OF THE CONFIRMATION ORDER**

Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed.

B.    **Retention of Jurisdiction.**

The Court shall retain jurisdiction of this case pursuant to the provisions of Chapter 11 of

the Bankruptcy Code, to determine the final allowance or disallowance of all Claims affected by the Plan, and to make such orders as are necessary or appropriate to carry out the provision of this Plan.

In addition, the Court shall retain jurisdiction to implement the provisions of the Plan in the manner as provided under Section 1142, sub-paragraphs (a) and (b) of the Bankruptcy Code. If the Court abstains from exercising, or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter set forth in this Section, or if the Debtor or the Reorganized Debtor elect to bring an action or proceeding in any other forum, then this Section shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court, public authority or commission having competent jurisdiction over such matters.

The Court will also retain jurisdiction for the following purposes:

(a)     To determine the allowance, classification or priority of Claims upon objection by any party interest with standing to bring such objection or proceeding.

(b)     To construe and to take any action to enforce and execute this Plan, the Confirmation Order or any other order of the Court, issue such orders as may be necessary for the implementation, execution, performance and consummation of this Plan and all matters referred to herein, and determine all matters that may be pending before the Court in the Bankruptcy Case on or before the Effective Date with respect to any entity, all notwithstanding any otherwise applicable non-bankruptcy law.

(c)     To determine any and all applications for allowance of compensation and expense reimbursement of professionals for periods on, before or after the Effective Date.

(d)     To determine whether to allow or disallow any request for payment of an Administrative Expense Claim.

(e)     To hear and determine all litigation regarding the rejection or assumption and assignment of Executory Contracts or Unexpired Leases and the allowance of any Claims resulting therefrom.

(f)     To determine all applications, adversary proceedings, contested matters and other litigated matters, and settlements thereof, instituted on, before or after the Effective Date, including, without limitation, any Claims held by the Estate against any party, arising under Section 544, 547, 548, 549 and 550 of the Bankruptcy Code, or any other applicable provision of the Bankruptcy Code.

(g)     To determine such other matters and for such other purposes as may be provided in the Confirmation Order.

(h)     To modify this Plan under Section 1127 of the Bankruptcy Code, to remedy any apparent nonmaterial defect or omission in this Plan or to reconcile any nonmaterial inconsistency in the Plan so as to carry out its intent and purposes.

(i)     To determine all questions and disputes regarding title to the assets of the Debtor or her Estate.

(j)     To enter an Order or final decree closing the Bankruptcy Case.

C.     **Procedures for Resolving Contested Claims**

Objections to Claims and interests, except for those Claims more specifically deemed Allowed in the Plan, may be filed by the Reorganized Debtor or any party in interest up to and including sixty (60) days following the entry of the Confirmation Order.

D.     **Notices under the Plan**

All notices, requests or demands with respect to his Plan shall be in writing and shall be deemed to have been received within five (5) days of the date of mailing, provided they are sent

by registered mail or certified mail, postage prepaid, return receipt requested, and if sent to the

Proponent, addressed to:

Wasserman, Jurista & Stolz, P.C.
Attention: Leonard C. Walczyk, Esq.
225 Millburn Avenue, Suite 207
Millburn, New Jersey 07041
Attorneys for Debtor

With a copy to:

Jamie Beth Gries
PMB 349
2 Greglen Avenue
Nantucket, Massachusetts 02554-2830

**IV.**

**EFFECT OF CONFIRMATION OF PLAN**

    A.    **Discharge**

Confirmation of this Plan does not discharge any debt provided for in this Plan until the

Court grants a discharge on completion of all payments under this Plan, or as otherwise provided

in § 1141(d)(5) of the Code.  The Debtor will not be discharged from any debt excepted from

discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of

Bankruptcy Procedure.  Upon completion of the payments called for under this Plan, or as may

be otherwise ordered by the Court, the Debtor will be granted a discharge pursuant to Sections

524 and 1141 of the Code.  The provisions of the Plan shall be binding upon Debtor, all

Creditors and all Interest Holders, regardless of whether such Claims or Interest holders are

impaired or whether such parties accept the Plan, upon Confirmation thereof.

    B.    **Discharge Injunction**

Except as otherwise expressly provided for in the Plan or in the Confirmation Order, and

22

to the fullest extent authorized or provided by the Bankruptcy Code, including §§ 105, 524 and 1141 thereof, the entry of the Discharge Order shall permanently enjoin all Persons that have held, currently hold, or may hold a Claim or other Debt or liability that is subject to the Plan from taking any of the following actions in respect of such Claim, Debt, or liability: (a) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against the Debtor or Reorganized Debtor and her representatives, agents, and professionals; (b) enforcing, levying, attaching, collecting, or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment, award, decree, or Order against the Debtor or Reorganized Debtor and her employees, representatives, agents, and professionals; (c) creating, perfecting, or enforcing in any manner directly or indirectly, any lien, security interest or encumbrance of any kind against the Debtor or Reorganized Debtor; (d) asserting any setoff, offset, right of subrogation or recoupment of any kind, directly or indirectly, against any Debt, liability, or obligation due to the Debtor or Reorganized Debtor; and (e) proceeding in any manner in any place whatsoever, including employing any process, that does not conform to, or comply with, or is inconsistent with the provisions of the Plan.

C.    **Revesting of Property in the Debtor And Debtor's Claims**

Except as provided in the Plan, the confirmation of the Plan revests all of the property of the estate in the Debtor.

D.    **Term of Injunctions and Stays**

Unless otherwise provided by Final Order of the Bankruptcy Court, all injunctions and stays provided for in the Chapter 11 case pursuant to Sections 105 or 362 of the Bankruptcy Code, or otherwise in existence on the Confirmation Date, shall remain in full force and effect until the entry of discharge upon completion of Plan payments.

Except as otherwise expressly provided in this Plan, all persons who have held, hold or may hold Claims, Debts or Equity Interests, are enjoined for the duration of this Plan through the date of the entry of discharge (a) from commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim, Debt or Interest against the Debtor, or the Reorganized Debtor, (b) from the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against the Debtor, or Reorganized Debtor, or the property of the Debtor or Reorganized Debtor with respect to any such Claim, Debt or Interest, (c) from creating, perfecting or enforcing any encumbrance of any kind against the Debtor, or the Reorganized Debtor with respect to any such Claim, Debt or Interest, and (d) from asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due from the Debtor, the Reorganized Debtor or against any property of the Debtor or the Reorganized Debtor with respect to any such Claim, Debt or Interest.

The entry of a Discharge Order will operate as a permanent injunction against all persons that have held, currently hold, or may hold a claim or other Debtor liability that is subject to the Plan from taking any of the foregoing actions with respect to such claim, debt or liability, as well.

E.    **Modification of Plan**

The Proponent may modify the Plan at any time before confirmation.  However, the Court may require a new disclosure statement and/or revoting on the Plan if Proponent modifies the Plan before confirmation.

The Proponent may also seek to modify the Plan at any time after confirmation so long as (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modification after notice and a hearing.  The Proponent further reserves the right to modify the treatment of any Allowed Claims at any time after the Effective Date of the Plan upon the

24

consent of the Creditor whose Allowed Claim treatment is being modified, so long as no other Creditors are materially adversely affected.

### F.    Post-Confirmation Conversion/Dismissal

A creditor or party in interest may bring a motion to convert or dismiss the case under Section 1112(b), after the Plan is confirmed, if there is a default in performance of the Plan or if cause exists under Section 1112(b).  If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during this case.

### G.    Post-Confirmation Quarterly Fees

Quarterly fees pursuant to 28 U.S.C. Section 1930(a)(6) continue to be payable to the Office of the United States Trustee post-confirmation until such time as the case is converted, dismissed, or closed pursuant to a final decree.

### H.    Fractions of Cents

Notwithstanding any provision of this Plan to the contrary, no payments of fractions of cents will be made.  Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding down of such fraction to the nearest whole cent.

### I.    Payment of Less then Ten ($10.00) Dollars

Notwithstanding any provisions in this Plan to the contrary, no payment shall be made on account of such an Allowed Claim, if a cash payment otherwise provided for in this Plan with respect to an Allowed Claim would be less than Ten Dollars ($10.00).

J.      **Setoff**

The Disbursing Agent may, but shall not be required to, setoff against any Claim and the

payment to be made pursuant to this Plan with respect to such Claim, claims of any nature

whatsoever the Debtor or estate may have against the Claimant, but neither the failure to do so

nor the allowance of a Claim hereunder shall constitute a waiver or release by the Chapter 11

estate or Reorganized Debtor of any claim it may have against the Claim Holder.

K.      **Time of Collection**

If a distribution check has not been presented to the bank upon which such check was

drawn within ninety (90) days after the mailing of such check by the Disbursing Agent, of if a

distribution check is returned to the Reorganized Debtor as undeliverable, the Disbursing Agent

shall give such Creditor ten (10) days additional written notice at such Creditor's last known

address of such fact.  If after the expiration of such ten (10) day notice period, calculated from

the date of mailing of such written notice, the Creditor has failed to notify the Disbursing Agent

of its Claim to the monies represented by such check, such unclaimed check shall be stopped, the

monies represented by such check shall be returned to the Reorganized Debtor and such Claimant

shall be treated under the Plan as if such Claim had been paid in full.

L.      **Disputed Parties**

In the event of any dispute between and/or among Claim Holders (including the person or

person asserting the right to receive the disputed payment) as to such right of any person to

receive or retain any payment to be made to such Claim Holders under this Plan, the Disbursing

Agent may, in lieu of making such payment to such Claim Holders, make it instead into an

escrow account for payment as ordered by a court of competent jurisdiction, or as the parties to

such dispute may otherwise agree among themselves.

M.    **Headings**

The headings used in this Plan are inserted for convenience only and neither constitutes a portion of this Plan nor in any manner affect the provisions of this Plan.

N.    **Severability**

Should any provisions in this Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any and all other provisions of this Plan.

O.    **Reservation of Rights**

The Debtor reserve the right, at any time, through Confirmation, to declare this Plan null and void, in which case it shall be so deemed. In such event, nothing contained in this Plan shall be deemed to constitute a binding contract by the Debtor or the Proponent of this Plan nor shall any statement herein or in the Disclosure Statement be used in any suit, action or proceeding outside this Chapter 11 case.

P.    **Governing Law**

Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with the laws of the State of New Jersey.

Q.    **Blank Ballots**

Any ballot that is executed by the holder of an Allowed Claim or Interest but which does not indicate an acceptance or rejection of the Plan, shall be deemed to be an acceptance of the Plan.

R.    **Binding Effect**

Section 1141 of the Bankruptcy Code provides that the provisions of the Plan as

confirmed shall bind the Debtor, any entity issuing securities under the Plan, any entity acquiring property under the Plan and any Creditor of the Debtor, whether or not the Claim of such Creditor is impaired under the Plan, and whether or not such Creditor has accepted the Plan. In addition to the foregoing, all Creditors accepting the Plan shall be deemed to have waived and forever released all Claims against the Debtor and Reorganized Debtor.

S.    **Releases**

The rights afforded in the Plan shall be in exchange for and in complete satisfaction, discharge and release of all Claims or interests of any nature, kind or character whatsoever (known or unknown) against the Debtor, its estate or any of its assets or properties and its current employees, representatives, agents, and professionals and except as otherwise provided herein, upon discharge, all Claims against or interests in the Debtor shall be deemed satisfied, discharged and released in full; and except as specifically provided in the Plan, all Claimants shall be forever precluded from asserting against the Debtor or their assets or properties, any further Claim or interest which such holder now has, ever had, or may hereafter accrue, based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date.

T.    **Computation of Time Periods**

In computing any period of time prescribed or allowed by this Plan, the date of the act or event from which the designated period begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday or legal holiday, in which event the period shall run to the end of the next business day.

U.    **Successors or Assigns**

The duties, rights and obligations of any person or entity named or referred to in this Plan

28

shall be binding upon, and shall inure to the benefit of said person and the successors and/or assigns of such person.

V.    **Plan Controls**

In the event, and to the extent that any provision of this Plan is inconsistent with the provisions of the Disclosure Statement, the provisions of this Plan shall control and take precedence.    In the event of any inconsistency between any provisions in the Plan and any provision of the Confirmation Order, the Confirmation Order shall control and take precedence.

W.    **Debtor's Professionals**

Upon confirmation, the Debtor's Professionals shall continue to provide services, to the extent necessary, to the Reorganized Debtor and shall receive compensation for such services at their normal hourly rates from the estate without need for formal fee application.

By: _____

**JAMIE BETH GRIES**

Dated: November /2, 2010          Debtor-in-Possession and Plan Proponent